### 10416.  MOORE v. SIMS.

1. The mere fact that a wife may be the owner of one or more cows which feed upon provender furnished solely upon the credit of her husband will not render her liable for the value of such foodstuff, nor authorize a judgment against her for the same, on the theory that she was the concealed principal of her husband, when there is no evidence that he was in any way acting as her agent when the purchase was made. See *Hightower* v. *Walker*, 97 *Ga.* 748 (25 S. E. 386); *Montgomery* v. *Walton*, 111 *Ga.* 840 (36 S. E. 202); *Blount* v. *Dugger*, 115 *Ga.* 109 (41 S. E. 270); *Cornelia Planing Mill Co.* v. *Wilcox*, 129 *Ga.* 522 (59 S. E. 223).

2. There being no evidence to authorize the verdict in favor of the plaintiff, and the case being remanded solely for this reason, it is unnecessary to pass upon the errors alleged in the amendment to the motion for a new trial; for if such errors were committed they will probably not occur on another trial.

DECIDED OCTOBER 20, 1919.

Appeal; from Barrow superior court—Judge Cobb. February 13, 1919.

*J. D. Quillian*, for plaintiff in error.

*R. H. Kimball*, contra.

SMITH, J.  This is a suit against a wife as the undisclosed principal of her husband. The issue of fact involved in this case is whether or not the husband purchased certain cow food on his own account or as agent for his wife. The verdict of the jury being adverse to the defendant, she made a motion for a new trial, which was overruled and she excepted.

The plaintiff testified that the defendant owed him $61.75 on a just, due, and unpaid account; that the account represented foodstuff which the defendant's cows ate; that the defendant and

her husband lived on his place, and that when they came there the cows were so thin they could hardly walk; that the cows used his pasture, and Dick Moore, the defendant's husband, bought the foodstuff from him which was fed to the cows; that the defendant told him that the cows did not belong to either her or her husband. On cross-examination the witness testified that he did not sell the food in question to the defendant, but that he sold it to her husband, and booked it to him; that the defendant "never agreed to pay for it. She never said anything about it to me. I could not swear that she knew on what basis the food was bought by Dick from me. I could not swear she knew that Dick was buying this foodstuff on the credit," but that the defendant's cow ate it; that he thought the cows belonged to Dick until he was informed to the contrary by the defendant. G. W. Woodruff testified that the defendant and her husband lived on his place the year before they moved to the plaintiff's farm, and that the defendant's husband told him he wanted to buy a cow for her, and that he had heard that the cow was paid for with defendant's money. The defendant, testified that she had never bought anything from the plaintiff in her life, and had never authorized her husband or any one else to buy anything from him on credit; that she never promised to pay the plaintiff the account sued on, and never authorized any one else to promise him she would pay it; that she did not know anything about her husband's purchase from the plaintiff, and did not know on what terms the foodstuff was sold him—whether on credit or for cash.

From these facts, and all reasonable deductions therefrom, we do not think that there was any evidence, either direct or circumstantial, to show the husband's agency in contracting the debt sued upon, and the court therefore erred in overruling the motion for a new trial on the general grounds alone.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*