## 26251. ATLANTA TITLE AND TRUST COMPANY *v.* FUL-KALB INCORPORATED.

DECIDED NOVEMBER 4, 1937. REHEARING DENIED NOVEMBER 26, 1937.

*Tye, Thomson & Tye, R. A. Edmondson Jr.,* for plaintiffs in error.

*George G. Finch,* contra.

FELTON, J. Ful-Kalb Incorporated sued the Atlanta Title & Trust Company on a title policy insuring the plaintiff against all loss or damage not exceeding $350 which it might sustain by reason of defects in the title to premises therein described. The original suit was only for attorney's fees and court costs. The petition alleged that plaintiff furnished defendant with a copy of the suit against it, attacking the title insured, but refused to permit the defendant to defend the action or to furnish counsel for the defense thereof, for the reason that it was contrary to law and against public policy. The policy sued on provides that defendant shall at its own cost and charges defend the party guaranteed in all actions of ejectment, etc.; that it shall be the duty of the

party guaranteed to notify the defendant, in writing, of any such suit filed, and to secure to it, when practicable, the right to defend the same, and to give all reasonable assistance; and that if such notice shall not be given within thirty days after the first service in such proceedings, all liability of defendant in regard thereto ceased. The general demurrer to the petition was overruled, and the defendant excepted. The record discloses that an amendment to the petition, seeking a recovery for the face amount of the policy, was filed after the bill of exceptions had been signed by the judge.

The Code, § 9-403, authorizes the title company to insure titles, and to employ attorneys to defend suits to which it is or may be a party. It was an interested party, and had such an interest in the suit as would entitle it to defend the case by counsel. This is true whether or not the contract amounts to an agreement by the defendant to vouch the title company into court. Reasonably construed, the contract means that the title company shall be permitted to defend, by employing attorneys at law, suits brought against titles it insures; and that if not permitted to do so, it shall not be liable on the contract. The only purpose of a notice of such a suit to the title company would be for an opportunity to prepare a defense and defend. We think that where the assured breaches the contract by refusing the company this right, it is precluded from a recovery on the contract, which was an entire contract. The general demurrer to the petition should have been sustained.

It is unnecessary to rule on the question whether an amendment filed after the bill of exceptions was filed will be considered, as the general demurrer would lie against the petition as amended. It was error to overrule the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

STEPHENS, P. J., concurring specially. The title company issued a guarantee policy insuring, within limitations expressed therein, the title of the insured to certain described real estate. The policy provides that the title company "shall at its own cost and charges defend the party guaranteed in all actions of ejectment or other action or proceeding founded upon a claim of title, incumbrance, or defect which existed prior in date to this policy, and not excepted herein. . . In case such action or proceeding

shall be begun, it shall be the duty of the party guaranteed to notify the company thereof in writing, and to secure it, when practicable, the right to defend such action or proceeding, and to give all reasonable assistance therein. If such notice shall not be given to the company within thirty days after the first service in such action or proceeding, then all liability of this company in regard to the subject-matter of such suit shall cease and be determined." It is only expressly provided that the company shall not be liable under the policy on the failure of the insured to notify the company, within thirty days after service of a suit on the insured, of the institution of the suit against the insured. While the policy provides that the insured shall give to the company such notice of the institution of the suit, and shall secure to the company, "when practicable, the right to defend such action and to give all reasonable assistance therein," and while it is provided that the company shall, at its own cost and charges, defend the insured in all actions of ejectment or other action or proceeding founded upon a claim of title, etc., it is nowhere expressly provided that after the insured has given to the company notice of the institution of the suit no liability will attach against the company under the policy for any failure of the insured to secure to the company "when practicable" and to afford to the company the right to defend the action or proceeding against the insured. A failure of the insured, after having given to the company the required notice of the institution of the suit, to secure to the company the right to defend the suit "when practicable," or a refusal of the insured, after having given to the company the required notice of the pendency of the suit, to allow the company to furnish its own attorney and to act as attorney in fact for the insured in procuring counsel to represent the insured in the suit, does not, under the terms of the policy, defeat the insured's right to recover under the policy. To whatever extent the failure or refusal of the insured to secure to the company the right to defend the suit by its own attorney, or an attorney of its selection, amounts to a violation by the insured of the provisions of the policy, such violation would afford a right of action to the company for damages in whatever amount it might have suffered as a result of the violation by the insured of this provision of the contract.

In the petition in the present suit of the insured against the

title company, the insurer, to recover for the alleged breach of the contract insuring the plaintiff's title, it is alleged that "immediately upon the filing of" the suit which had been brought against the plaintiff attacking the plaintiff's title, and which resulted in a judgment invalidating the plaintiff's title, the plaintiff furnished the defendant company with a copy of the suit, and proceeded through the plaintiff's attorney to defend the action, and that the plaintiff refused to allow the defendant to furnish its attorney or to act as an attorney in fact in procuring counsel to represent the plaintiff in the suit. The allegation that the plaintiff "immediately" upon the filing of the suit furnished the defendant with a copy of the suit is, as against a general demurrer, a sufficient allegation that the plaintiff within thirty days notified the defendant in writing of the pendency of the suit, as provided by the terms of the policy. I concur in the proposition that the provision in the policy by which the title company may defend a suit against the insured is not a provision which is invalid as authorizing the title company to practice law. It is a valid provision.

The plaintiff in its original petition, before it was amended, which was on the date the bill of exceptions was signed, sued for, and alleged as his measure of damage, only the amount of court costs which accrued on the case in which the plaintiff defended the title to the property, and an amount representing the value of the services of the plaintiff's attorney in that litigation. The only obligation resting upon the defendant to pay any expenses of any such litigation is contained in the provision of the policy that the defendant title company "shall at its own cost and charges defend the party guaranteed," which is the plaintiff, in a litigation founded upon any claim of title to the land covered by the policy. The defendant is not liable for the court costs and charges incurred in such suit, where the defendant itself did not defend the suit, but was prevented from so doing by the action of the plaintiff, as alleged in the petition. The amount sued for is not recoverable. Therefore the petition failed to set out a cause of action, and the court erred in not sustaining the general demurrer.

The plaintiff's amendment' to the petition, which appears of record, was allowed by order of the court on the same day on which the bill of exceptions was certified by the judge. It does not appear whether the amendment was allowed before or after

the bill of exceptions was certified. The amendment was marked filed in the office of the clerk of the court on the day following its allowance, and the certification of the bill of exceptions. It does not appear that the amendment was allowed before the bill of exceptions was certified. Since, however, the judgment overruling the general demurrer to the petition as originally filed, and before the petition was amended, is a judgment which, had it been rendered to the contrary, would have been a final disposition of the case, the Court of Appeals has jurisdiction to entertain the bill of exceptions, which was filed within the time allowed by law, excepting to the judgment overruling the demurrer to the original petition without the amendment. For the reasons above stated I am of the opinion that the petition failed to set out a cause of action, and the court should have sustained the demurrer to the petition. I therefore concur in the judgment of reversal.