62587. SECURITY TITLE & GUARANTY COMPANY v. MGIC MORTGAGE CORPORATION.

BIRDSONG, Judge.

Insurance Contract. On March 15, 1973, a Mr. and Mrs. Davis purchased a home from a Mr. Bearden. Charter Mortgage (Charter) issued a mortgage to the Davises in the amount of $22,000. A law firm here designated as WS&G handled the closing on the sale of the property. The same law firm conducted a title search for Charter and certified to Charter that the property was unencumbered. Security Title & Guaranty Company (Security) was the title insurer for Charter. In October, 1974, WS&G became aware of a prior security deed from Bearden to People's Financial Corporation (People's Finance) given by Bearden to secure a debt to People's Finance. WS&G advised Security of the prior and senior encumbrance by a letter of December, 1974, two in February, 1975, and one each in March and August, 1975. People's Finance commenced foreclosure proceedings against Bearden directed at the property owned by the Davises. In order to protect its position, WS&G prepared a check for payment to People's Finance in satisfaction of Bearden's debt. At about the same time on or about September, 1975, Charter, being unaware of WS&G's check, prepared and forwarded to People's Finance its own check in payment of Bearden's debt. Additionally, WS&G had informed Security of the closeness of the foreclosure proceedings and Security had prepared its check to People's Finance for payment of Bearden's debt. People's Finance elected to negotiate

Charter's check and returned WS&G's check to that firm. People's Finance informed Security that the indebtedness had been satisfied by Charter. Charter was never aware until after litigation commenced that WS&G and Security had taken steps to protect themselves by tendering payment to People's Finance. After payment by Charter to forestall the foreclosure proceeding, Charter made demand of Security for reimbursement of the $4,462.46 monetary loss it suffered by payment to People's Finance. Initially, Security denied liability on the policy on the basis that the loss was caused by the negligent title search by WS&G. Subsequently, Security denied liability on the basis that a limitation of liability in the policy precluded the insured Charter from recovering any loss. This was based on the allegation that Charter voluntarily had paid the indebtedness without securing the prior written consent of Security. After Charter brought suit against Security and Security had brought a third party action against WS&G, the appellee MGIC Mortgage Corp. (MGIC) intervened as the owner of the mortgage insurance issued by Charter maintaining that Charter had been MGIC's agent in administering the mortgage and all that followed.

Among differing motions for summary judgment by the several parties, the trial court granted partial summary judgment to MGIC against Security for the amount of $4,462.46 paid on its behalf by Charter together with interest and costs. The trial court further directed that this grant of summary judgment was final and thus subject to appeal. Security brings this appeal enumerating as error the conclusion by the trial court that there existed no genuine issue of material fact concerning whether intervenor-plaintiff MGIC was entitled to judgment against Security. *Held:*

The policy issued to Charter by Security provided that Security insured against loss sustained by Charter by reason of the priority of any encumbrance over the encumbrance of Charter. Paragraph 7 of that policy also provided as a limitation of liability that Security was not liable to Charter where Charter voluntarily assumed liability for and settled a claim without securing the prior written consent of Security. Security argues that Charter waived and is estopped from claiming against Security.

We are in agreement with the position advocated by MGIC that the purpose of such notice provisions is to afford the insurer the opportunity to investigate a pending and potentially non-covered claim. Otherwise, an insured (Charter (MGIC)) simply could pay a claim whether justified or not and thereby bind the insurer (Security) by creating an indebtedness under the terms of the policy. We do not conceive the purpose of such clause in an insurance policy as providing an escape valve for the insurer to avoid liability for an

undeniable claim against it. Security finds itself in a position similar to the insurer in a case involving Allied Mortgage Co. There Allied as insured did not give notice to the title insurer, Atlanta Title & Trust Co., but went ahead and paid off a lien. In that case, this court held that notwithstanding the notice requirement the payoff by the mortgage company did not preclude action by the insured against the insurance company for its refusal to pay since the lien was valid and binding and would not have been subject to defeat by any investigation by the insurer. *Atlanta Title &c. Co. v. Allied Mtg. Co.,* 60 Ga. App. 114 (3 SE2d 127). To opposite effect, though still in point, is the case of *Atlanta Title &c. Co. v. Ful-Kalb Inc.,* 56 Ga. App. 742 (193 SE 796). In that case the insurer was protected against the claim because the insured refused to allow the insurer to furnish counsel and defend the insured in a title ejectment action. The difference between *Ful-Kalb* and this case is that Charter through its attorney WS&G repeatedly informed Security of the encumbrance problem. Charter paid only on the eve of foreclosure and after apparent refusal by the insurer Security to pay or protect Charter. A further difference is that in *Ful-Kalb* liability between the insured and the third party claimant was disputed whereas in this case no one disputes that People's Finance claim had priority over Charter's. Also illustrative of the point under discussion is *New York Underwriters Ins. Co. v. Noles,* 101 Ga. App. 922 (115 SE2d 474). In substance that case holds that where an insurer makes an unqualified refusal to pay such refusal operates as a waiver of notice provisions. Logically it is not necessary in most cases for an insured to offer the insurer opportunity to investigate a valid claim which the insurer rejects from the beginning even prior to the submission of the claim.

We conclude that Security cannot rely on the above discussed limitation of liability based upon Charter's voluntary assumption where Security itself conducted negotiations and correspondence with counsel for Charter, requesting an investigation of the facts, and after that investigation denied liability of the policy and imputed liability to the law firm which closed the loan. Under the facts of this case, we are satisfied that the indebtedness of Bearden constituted an unchallengeable encumbrance which Charter was required to clear to protect its own security deed. Security under its policy was required to protect and satisfy that encumbrance regardless of any notice by Charter. It follows that the trial court did not err in granting partial summary judgment.

Security also contends that MGIC is not a proper intervenor because it offered no proof that it had paid anything as opposed to Charter's payment of Bearden's debt. We reject this contention. It is factually undisputed by Security and fully established through

affidavits by MGIC that it is the principal and Charter its agent in servicing the Davis mortgage. The affidavit of the parties to the agency (Charter and MGIC) attesting to the existence of the agency are persuasive of that fact when compared with the conclusions of the third party (Security) as to the non-existence of such agency and establish the fact of agency. *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 389 (196 SE2d 674).

Based on the foregoing, we conclude that MGIC is a proper intervenor-plaintiff who through its agent suffered the $4,000 loss. We also conclude that MGIC is not barred from maintaining its suit by its voluntary payment through Charter to People's Finance. The trial court committed no error in granting the partial summary judgment to MGIC.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 18, 1981.

*John B. Jay,* for appellant.
*Roberts O. Bennett, Barry S. Mittenthal, James H. Bearden,* for appellee.