## CORNELIA PLANING MILL COMPANY *v.* WILCOX.

1. The court properly rejected the testimony of a witness to the effect that "he [witness] found the property was in her [defendant's] name."

2. Hearsay evidence is not admissible.

3. "Alleged error in rejecting a record offered in evidence can not be considered, unless the record is either set forth or so described as to enable this court to determine whether or not it was pertinent and material."  *McElhannon* v. *State,* 99 *Ga.* 672.

4. "An assignment of error in excluding evidence must, to entitle it to consideration, on its face disclose, either literally or in substance, what that evidence was."  *Russell* v. *Mohr-Weil Lumber Co.,* 115 *Ga.* 35.

5. This being an action against a married woman for labor and materials

alleged to have been furnished to her through her husband as her agent, and there being no evidence, either direct or circumstantial, to show the existence of the alleged agency, there was no error in granting a nonsuit.

Argued June 19,—Decided November 15, 1907.

Foreclosure of lien. Before Judge Kimsey. Habersham superior court. September 11, 1906.

The Cornelia Planing Mill Company brought an action against Mrs. I. R. Wilcox, and alleged, that she was indebted to the plaintiff in the sum of $266.12 on an account; "that said account is for material furnished her, and for work done on material for her in the erection of a certain house . . located on a certain lot of land [in the town of Mt. Airy] whereon Mrs. I. R. Wilcox now resides, and is in possession of." Wherefore plaintiff prays judgment against Mrs. I. R. Wilcox for said amount, and that plaintiff "have a judgment setting up a special lien on said real esate." The defendant denied each and every allegation in the petition. Boling, a witness for the plaintiff, testified in part as follows: "I made the sale myself [referring to the account sued on]. I sold the lumber to Mr. M. C. Wilcox. I charged it to M. C. Wilcox on the books. I made him statement of the lumber. I charged it to Mrs. I. R. Wilcox [defendant] when I made the final statement. I changed it from M. C. Wilcox to Mrs. I. R. Wilcox when I filed a lien against the property. The trade was made with M. C. Wilcox; sold to M. C. Wilcox, and charged to M. C. Wilcox. I delivered the lumber to his hauler, Mr. Keller. I didn't deliver it to the house at Mt. Airy. I only delivered it to a party that came after the lumber. Mr. Keller was one of them. He was the man I delivered it to at the mill." In answer to the question, "I will ask you if you knew Mrs. I. R. Wilcox in the premises, if she had anything to do with it as far as you know?" witness replied, "Not as I know of." Keller, a witness for the plaintiff, testified as follows: "I remember Col. Wilcox buying some lumber from the Cornelia Planing Mill Co. I helped haul it. I worked most of the lumber on the house [referred to in plaintiff's petition]. I saw Mrs. I. R. Wilcox around the building a great deal of the time. Sometime she would say she wanted a window placed at such a place, or steps at such a place. She saw me bringing in this lumber. Mrs. I. R. Wilcox didn't have anything to do with my em-

ployment as I know of." The plaintiff introduced a deed showing that the title to the lot on which the said house was located was in the defendant, Mrs. I. R. Wilcox. The plaintiff introduced no further testimony, and the court sustained a motion for nonsuit. Plaintiff excepted to this ruling, and made various assignments of error upon the exclusion of evidence.

*J. C. Edwards,* for plaintiff.

BECK, J. (After stating the facts.)

1. Error is assigned upon the ruling of the court in refusing to permit a witness for the plaintiff to testify that "he [witness] found the property was in her [defendant's] name." Even if this were not secondary evidence, it does not appear from what source the witness derived this information. Standing alone, the evidence shows upon its face that it was merely a conclusion of the witness, based upon information, the verity of which does not appear. The witness should have stated the facts and allowed the jury to find in whose name the property was. So far as the record discloses, the witness's so-called knowledge of the ownership of the property was derived entirely from hearsay; and the court did not err in rejecting this testimony. *Lamar* v. *Pearre,* 90 *Ga.* 377.

2. The other portions of the testimony of the same witness, the exclusion of which is complained of in the next assignments of error, show affirmatively that the witness was testifying from hearsay: "Witness D. N. Boling further swore that he found out that M. C. Wilcox was acting [as agent] for Mrs. I. R. Wilcox, and that he got his information from his attorney," and when he "found out that M. C. Wilcox was acting for her [defendant], he changed it [the account] to her name." There was no error in rejecting this testimony. Civil Code, § 5175.

3. Complaint is also made in the bill of exceptions of the refusal of the court to permit the plaintiff to introduce in evidence "a suit and fi. fa. of the Patillo Lumber Co. *v.* I. R. Wilcox and M. C. Wilcox as the agent of I. R. Wilcox, for the purpose of showing that M. C. Wilcox acted as agent for his wife, I. R. Wilcox," and "the proceedings in a case of W. D. Hill Lumber Co. *v.* I. R. Wilcox, original summons, plea, judgment, fi. fa., and all the entries thereon, for the purpose of proving that M. C. Wilcox acted as agent for his wife, I. R. Wilcox." The records thus offered and rejected are not set forth in the bill of exceptions nor

attached thereto as an exhibit, and the above is not a sufficient description to enable this court to determine whether said records were pertinent and material. *McElhannon* v. *State*, 99 *Ga.* 672.

4. The next exception, to wit, "W. D. Hill was sworn as a witness, whose evidence appears in the brief of evidence in this case . . the court ruled out W. D. Hill's evidence, to which ruling plaintiff excepted," is not a sufficient assignment of error, and raises no question for decision. *Tompkins* v. *Compton*, 97 *Ga.* 375; *Russell* v. *Mohr-Weil Lumber Co.*, 115 *Ga.* 35; *Sayer* v. *Brown*, 119 *Ga.* 539.

5. The only question that remains to be decided is whether the court erred in granting a nonsuit. It is contended by plaintiff's counsel that there are sufficient circumstances in the case to authorize the inference that M. C. Wilcox acted as agent for his wife, the defendant, in purchasing the lumber from the plaintiff. In the case of *Akers* v. *Kirke*, 91 *Ga.* 590, it was said, "Where all the consideration of a debt reaches a wife as an accession to her separate estate, and she retains and enjoys it, only slight evidence of the husband's agency in contracting the debt is required to charge her." See also *Pinkston* v. *Cedar Hill Nursery Co.*, 123 *Ga.* 302. But in the case of *Blount & Morel* v. *Dugger*, 115 *Ga.* 109, it was held that "The mere fact that the wife may be the owner of a tract of land, upon which a house is erected out of materials furnished solely on the credit of her husband, will not render her liable for the value of such materials, nor authorize a judgment against her for the same on the theory that she was the concealed principal of her husband, where there is no evidence that he was in any way acting as her agent when he purchased the materials." An examination of the record in the case just cited discloses that the defendant, Mrs. Dugger, "called to see the house every day while it was being built, . . and has enjoyed the benefits and profits of it ever since." See, in this latter connection, the case of *Hightower* v. *Walker*, 97 *Ga.* 748.

The only evidence in the present case to connect Mrs. Wilcox with the sale of the lumber was the fact that she owned the lot upon which the house was built, and that she was at the house during part of the time that the work was being done, and directed some slight changes to be made. Plaintiff did not testify that he extended the credit to Mr. Wilcox on the faith of the latter owning

the house, nor was it contended that Mr. Wilcox led the plaintiff to believe that he owned the property. The lumber was delivered at plaintiff's mill to a servant of Mr. Wilcox, and, so far as the evidence discloses, nothing was said as to how or where it should be used. It also appears from the plaintiff's evidence that the person employed to build the house was the employee, not of Mrs. Wilcox, the defendant, but of Mr. Wilcox. Admitting all the facts proved and all reasonable deductions from them, we do not think that there was any evidence, either direct or circumstantial, to show the husband's agency in contracting the debt with the plaintiff; and the court did not err in granting a nonsuit. See, in this connection, *Reaves* v. *Meredith,* 123 *Ga.* 444.

*Judgment affirmed. All the Justices concur, except Holden, J., who did not preside.*