## PIONEER GUANO COMPANY v. PALMER.

Where suit was brought against a married woman to recover the purchase-price of certain fertilizers alleged to have been sold to her, to which action she answered that she owed the plaintiff nothing, and averred that the fertilizers had been bought by her husband, and not by her; and where the evidence relied on for a recovery by the plaintiff was in substance that the title to the land on which the fertilizers were used was in the defendant, that the lands had been returned for taxes for several years in the name of the husband, "agt.," that he executed notes for the fertilizers, and signed them in his own name, with the abbreviation "agt." added thereto, this was not sufficient to show liability on the part of the wife; and there was no error in granting a nonsuit.

June 14, 1916.

Complaint. Before Judge Littlejohn. Lee superior court. May 3, 1915.

*D. H. Redfearn* and *R. J. Bacon,* for plaintiff.

*W. G. Martin,* for defendant.

Lumpkin, J. The Pioneer Guano Company brought suit against Mrs. N. L. Palmer, on an open account for the purchase-price of certain fertilizers alleged to have been bought by her. She denied that she bought any such fertilizers or owed the debt, and pleaded that her husband had bought them in the year 1911, and had given his note therefor to the plaintiff. On the trial the evidence introduced in support of the plaintiff's claim was substan-

tially as stated in the headnote. The court granted a nonsuit, and the plaintiff excepted.

There was no evidence that the husband was conducting farming operations for the wife, or that he was her agent, or purported to act as such in the purchase of the fertilizers, except that he added the abbreviation "agt." after his name in signing the note which he gave therefor, and that the title to the land on which the fertilizers were used was in the wife, but the tax returns for several years had been made in the name of the husband, "agt." Under former rulings of this court, this was not sufficient to establish liability on the part of the wife. *Wagner* v. *Robinson,* 56 *Ga.* 47; *Jones* v. *Harrell,* 110 *Ga.* 373 (35 S. E. 690); *Blount* v. *Dugger,* 115 *Ga.* 109 (41 S. E. 270); *Cornelia Planing Mill Co.* v. *Wilcox,* 129 *Ga.* 522 (59 S. E. 223).

It was argued in the brief of counsel for the plaintiff in error, that in such cases "the rule always is that the husband has no property in his own name; he hides it in his wife's name as fast as he accumulates it. To allow a husband to purchase fertilizer and use it on his own wife's place, and then defeat the fertilizer company's claim on the ground that he is liable and not his wife, is the grossest fraud, because a suit against him usually would mean nothing but court cost to be added to the loss already sustained by the company." Unfortunately this charge of matrimonial collusion may sometimes be true, but it is not so universally, or even so generally, true that in a given case the courts can assume it to be true as matter of law, or presume it to be true as matter of fact, in the absence of evidence to establish it. It is incumbent on him who seeks to show that the husband is the agent of the wife to introduce evidence tending to support that contention. It is not sufficient to suggest possible cases of fraud or collusion between the husband and the wife, by which the wife acquires the property and the insolvent husband becomes the debtor. Something more than such a suggestion, however pungently made, is necessary in this case to establish that the husband procured the fertilizers as the agent of his wife, or that she was liable therefor. The addition of the abbreviation "agt." after his name is not enough.

*Judgment affirmed. All the Justices concur.*