### 15596.   COOK *v.* BOWDEN *et al.*

The affidavit for the foreclosure of a mechanic's lien in this case does not allege facts sufficient to show that the work was done in the manufacture or repair of personal property; and the demurrer attacking the affidavit on this ground was properly sustained.

DECIDED JULY 15, 1924.

Lien foreclosure; from McDuffie superior court—Judge Franklin. April 4, 1924.

*L. D. McGregor,* for plaintiff.

*J. R. Bowden, J. B. & T. R. Burnside,* for defendants.

LUKE, J. This was a suit to foreclose a mechanic's lien. The plaintiff's affidavit of foreclosure alleged the following facts: "Deponent is a mechanic, and that P. A. and J. R. Bowden, of McDuffie county, Georgia, is indebted to this deponent in the sum of one hundred and fifty-one 15/100 ($151.15) dollars. Said sum is due this deponent for the taking up and removing one 35 horse boiler, one 35 horse-power engine, one No. 2 Ladelle sawmill a distance of four miles and a half and setting the same up ready for operation with the exception of finishing walling up the boiler. That the said amount is due and unpaid, the same having become due upon the completion of the work, and this deponent did have recorded upon the books in the clerk's office of the superior court of McDuffie county within ten days after the completion of his work his mechanic's lien. That this deponent has made a personal demand upon the said P. A. and J. R. Bowden for the payment of the above-stated amount after the completion of his contract, and which amount was refused by the said P. A. and J. R. Bowden," etc. The defendant filed a special demurrer upon several grounds, one of which was: "Because it does not appear from said affidavit that plaintiff either constructed or repaired or furnished any material for the construction or repairing the personal property upon which plaintiff is seeking to foreclose, but the said affidavit alleges that the amount therein claimed to be due became due 'for the taking up and removing one thirty-five horse-power boiler; one thirty-five horse-power engine; one No. 2 Ladelle sawmill a distance of four and a half miles, and setting the same up ready for operation with the exception of finishing walling up the boiler.' Said foreclosure is being sought as the foreclosure of a mechanic's special lien, but said affidavit does not allege facts sufficient to entitle plaintiff to a mechanic's lien." The trial judge sustained the demurrer and dismissed the foreclosure proceedings, and the plaintiff excepted. The lien laws are in derogation of common law and are to be strictly construed. One who claims a lien must bring himself clearly within the law. The affidavit which was the basis of the instant suit does not allege facts sufficient to show that the

work done was done in the manufacture or repair of personal property. This omission was fatal, since section 3354 of the Civil Code (1910) provides that "all mechanics of every sort, for work done and material furnished in *manufacturing and repairing personal property,* shall have a special lien on the same," etc. (Italics ours.) The facts alleged in the affidavit not being sufficient to be the basis of a proceeding to foreclose a mechanic's lien, the court did not err in sustaining the defendant's demurrer attacking the affidavit upon this ground.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*