THE BURNS MOTOR CO. *v.* BRIGGS.

(Decided January 10, 1928.)

*Messrs Slabaugh, Seiberling, Huber & Guinther,* for plaintiff in error.

*Mr. C. G. Roetzel,* for defendant in error.

PARDEE, J.   The parties stand in this court in an order the reverse of that held in the court below, but will be referred to in this opinion as they were in that court.

The original action in the trial court was one in replevin, filed by Theodore Briggs, the owner of a Ford coupe automobile.   The defendant, Burns Motor Company, in its answer alleged that the property was held and detained by it pursuant to a warehouse or storage lien, and by way of cross-petition sought recovery of the warehouse and towing charges in the sum of $20.

The plaintiff was a temporary resident of the city of Akron, and he kept the car in storage in a public garage in close proximity to his place of residence, and on the 19th day of March, 1926, he placed the

càr in said garage. The next day, which was Sunday, he sent his agent to the garage to obtain the car, and was informed that it was missing. On the same morning, an officer of the police department of the city had found a Ford coupe standing on one of the main streets of the city, and the police lieutenant in charge of the traffic called the defendant company to take the car off the street. The defendant immediately sent out its wrecking car and brought the car into its garage. There were three stickers upon the car, which had been placed thereon by the officers of the police department, which indicated that the car had been tagged by them on Saturday night, or Sunday morning, and that it had been left upon said street in violation of the parking ordinance of said city.

Mr. Burns, the managing officer of the defendant company, observed the presence of the car in his garage within 24 hours after it had been placed therein, and a few days thereafter called the police department with respect to the possession of said car, but the officers in charge thereof were unable to give him the name of the owner. Thereafter no further attention was paid to the matter by either the defendant or the police department, until Mr. Burns called the Akron Automobile Club to find out, if possible, who was the owner of said car, in accordance with the license numbers thereon, and from the information thus obtained learned that the car belonged to the plaintiff. Burns then wrote a letter to the plaintiff, who, being out of town at the time, did not claim the car for several days thereafter. Plaintiff then ordered some minor repairs made upon the car, and when he later went to get posses-

sion of it, the defendant refused to surrender it unless he paid for the storage and towage charges fixed by said company.

The replevin suit was then started, and by agreement of the parties plaintiff paid the bill for repairs ordered by him, gave a bond to secure the storage and towage charges, in the event the same were found to be a proper charge and lien upon said car, and possession of the car was restored to him.

In this state no statutory authorization for the assertion of a storage lien upon automobiles can be found, and it is conceded that the old livery stable lien statutes of this state cannot be extended, by implication or otherwise, to cover motor vehicles.

It was recently decided by the Supreme Court of this state that a repairman does have a lien for materials furnished and labor performed in repairing an automobile. Metropolitan Securities Co. v. Orlow, 107 Ohio St., 583, 140 N. E., 306, 32 A. L. R., 992.

The bill of exceptions shows that the council of the city of Akron, prior to the dates in question, had passed an ordinance establishing an automobile and vehicle pound, to which automobiles and vehicles parked upon the streets of Akron in violation of the parking rules might be removed by the police department of the city, and from which pound the owner could reclaim his property upon the payment of a nominal fine. The ordinance further provides that the pound should be located and operated at a place designated by the director of public safety, but the evidence shows that no pound was ever designated and located by him. This ordinance authorizes the police officers, after a pound has been established, to tow or remove the offending vehicle

to the pound, but does not authorize the police department to have the vehicle removed to the pound by others.

It is not claimed that the plaintiff ordered the car placed in storage with the defendant; in fact, the evidence shows that the car was improperly taken from the plaintiff, and that he did not know the car was in the custody of said defendant until he received the letter from its agent. So, under the circumstances, can it be said that the plaintiff is bound to pay the storage and towage charges, and that the company has a lien upon the car until they are paid?

We do not think so. The car was not placed in storage by the plaintiff, nor by any one authorized to act for him. The police officers were not his agents, and they were not acting in accordance with the terms of any state law or city ordinance, and did not have authority to place or order the car to be placed in the garage of the defendant so as to bind him for the storage and towing charges. There being no contract, express or implied, existing between the plaintiff and the defendant, by which the plaintiff placed the car in storage and agreed to pay the defendant therefor, the defendant in law does not have a claim against the plaintiff nor a lien upon the automobile. See *Whitlock Machine Co.* v. *Holway,* 92 Me., 414, 42 A., 799; *Lewis* v. *Gray,* 109 Me., 128, 83 A., 1; *Preston* v. *Neale,* 78 Mass. (12 Gray), 222; *Coverlee* v. *Warner,* 19 Ohio, 29, at p. 34; Swan's Treatise (26th Ed.), p. 593; 17 Ruling Case Law, 603, § 11.

If it be claimed that the car was lost property, and that the finder is entitled to be indemnified by the owner for his necessary and reasonable expense,

as distinguished from a lien, of course the defendant would not be entitled to recover its claim from the plaintiff, as the car was placed in storage by the finder, and such claim, if any exists, would be based upon an implied contract against the finder, and not against the true owner, to pay for the storage.

*Judgment affirmed.*

WASHBURN, P. J., and FUNK, J., concur.