36741, 36761. NIX *v.* LUKE *et al.;* and *vice versa.*

Decided June 11, 1957—Rehearing denied June 24, 1957.

*Endicott & Endicott, Lucian J. Endicott, Mary C. Endicott,* for plaintiff in error.

*H. Fred Gober,* contra.

QUILLIAN, J. ■ We will refer to the plaintiff in error, John C. Nix, as the plaintiff and to the defendants in error, Mrs. Sybil Camp Luke and A. M. Luke as the defendants, except when it is necessary to distinguish them from each other, then the defendants when referred to will be designated by name.

It is the plaintiff's contention that the defendants' plea to the jurisdiction was properly stricken, that the effect of that ruling placed the case in default and entitled him to all of the relief prayed for in the petition.

The relief prayed by the petition was (a) a general judgment against both defendants; (b) a judgment of foreclosure of the materialman's lien against the property described in the petition.

Assuming that the case was legally in default, the allegations, according to Code (Ann.) § 110-401, needed no proof. But the plaintiff could not be allowed to recover of a party against whom

the petition did not set forth a cause of action nor be granted relief that the allegations of the petition, accepted as true, did not show him entitled to.

■ The petition alleged that the defendant, A. M. Luke, as agent for his wife contracted with the plaintiff for labor and material which the latter furnished in improving the wife's real estate. There was no allegation that he agreed to become personally responsible or become liable in any manner for the price or value of the labor or material. Hence no cause of action was set forth against the defendant, A. M. Luke.

■ The averments of the petition further showed that the plaintiff's failure to comply with the requirement of Code (Ann.) § 67-2002 (2) precluded the enforcement of the materialman's lien. The statute provides that within three months after the work is done or materials are furnished the party who would assert a materials lien against the realty of another must file his claim of lien for record in the office of the clerk of the superior court.

It has been repeatedly held that filing the lien as provided by the Code section is essential to the validity of a foreclosure of a materialman's lien against realty. *Chambers Lumber Co.* v. *Gilmer,* 60 *Ga. App.* 832 (5 S. E. 2d 84) ; *Jones* v. *Kern,* 101 *Ga.* 309 (28 S. E. 850).

The petition does show that there was a claim of lien filed in the name and on behalf of Nix Nurseries, Inc., against the property of A. M. Luke. But the foreclosure proceedings were brought by John C. Nix, d/b/a Nix Nurseries, Inc., and the judgment of foreclosure is prayed only against the property of Mrs. Sybil Camp Luke. While the petition alleges that the suit is brought by John C. Nix, d/b/a Nix Nurseries, Inc., a corporation is a separate and distinct legal entity from a natural person, though the two have similar names. The name Nix Nurseries, Inc., must be held, in the absence of an averment to the contrary, to be the name of a corporation. *Bass & Co.* v. *Bearden,* 6 *Ga. App.* 696 (65 S. E. 692) ; *Pacific National Fire Ins. Co.* v. *Cummins Diesel of Georgia,* 213 *Ga.* 4 (96 S. E. 2d 881). An individual cannot carry on business in the name of a corporation, unless the names happen to be identical. It would have been

possible for the petition to have alleged a situation in which the plaintiff, John C. Nix could have succeeded to the rights of Nix Nurseries, Inc., so that he could have legally proceeded to foreclose the lien, the claim of which was filed for record in the name of the corporation; for instance, it could have been shown that the corporation had been dissolved and that the plaintiff by purchase of its assets had succeeded to its right to enforce the lien, or it could have been alleged that the lien had been transferred by the corporation to the plaintiff, but no such allegation was contained in the petition. It is obvious that the claim of lien recorded against the realty of A. M. Luke was not the recordation of such claim against the property of Mrs. Sybil Camp Luke. Hence, the recordation of the claim of lien shown by the petition amounted, so far as the foreclosure was concerned, to none at all.

■ Assuming the case was in default, since the petition alleged a cause of action against Mrs. Sybil Camp Luke individually, the plaintiff would have been entitled, without introducing any evidence to a judgment in personam against her. But the plaintiff did not rest his cause on his pleadings, but submitted evidence. The plaintiff's evidence showed that Mrs. Luke's husband, A. M. Luke, contracted with the plaintiff to perform certain work and furnish materials for the improvement of her realty. The evidence unequivocally showed that her husband did not contract in Mrs. Luke's behalf, and was silent as to any fact from which it could be inferred that she authorized him to represent her in the transaction. There was evidence that she accepted the labor and materials purchased of the plaintiff by her husband. This was not sufficient proof to establish her liability. In *Moore* v. *Sims*, 24 *Ga. App.* 296 (1) (100 S. E. 647) it was held: "The mere fact that a wife may be the owner of one or more cows which feed upon provender furnished solely upon the credit of her husband will not render her liable for the value of such foodstuff, nor authorize a judgment against her for the same, on the theory that she was the concealed principal of her husband, when there is no evidence that he was in any way acting as her agent when the purchase was made. See *Hightower* v. *Walker*, 97 *Ga.* 748 (25 S. E. 386); *Montgomery* v. *Walton*, 111 *Ga.* 840 (36 S. E. 202); *Blount* v. *Dugger*, 115 *Ga.* 109 (41 S. E. 270); *Cornelia*

*Planing Mill Co.* v. *Wilcox,* 129 *Ga.* 522 (59 S. E. 223)."

There was no proof that Mrs. Luke ever obligated herself to pay the plaintiff for the labor and materials. Thus the plaintiff having successfully alleged a case against Mrs. Luke, by his evidence proved that he was not entitled to recover against her.

■ It follows from what is held in the preceding divisions of this opinion that the plaintiff was not entitled to a judgment against A. M. Luke, a judgment of foreclosure against which the plaintiff undertook to assert the materialman's lien; the evidence adduced by the plaintiff proved he was not entitled to a general judgment against the defendant, Mrs. Sybil Camp Luke, hence the trial judge did not err in rendering a judgment denying the plaintiff any relief.

The case is decided solely on technical grounds; it is not intended that the plaintiff's cause was not just. Indeed, since his claim was not denied it may be assumed that the debt he sought to collect by the foreclosure proceedings was a valid claim. However, in the factual situation presented by the pleadings and evidence he was not legally entitled to enforce this debt in the manner and form he undertook.

*Judgment affirmed on the main bill of exceptions and the cross bill of exceptions is dismissed. Felton, C. J., and Nichols, J., concur.*