36665. WILKINSON *v.* TOWNSEND *et al.*

DECIDED JULY 10, 1957.

W. *George Thomas*, for plaintiff in error.

*Milton F. Gardner*, contra.

CARLISLE, J. Since the defendants in their plea and answer disclaimed title to the property, the only question before us is whether or not they were entitled to retain possession thereof as against the true owner until storage charges had been paid to them. Code (Ann.) § 68-1669 (b) provides as follows: "Whenever any police officer or highway patrolman finds a vehicle unattended upon any street, highway, bridge, or causeway, or in any tunnel, where such vehicle constitutes an obstruction to traffic, such officer is hereby authorized to provide for the removal of such vehicle to the nearest garage or other place of safety." Under Code § 12-703, a depositary for hire may retain possession of the property until paid, and, likewise, under Code (Ann.) § 67-2003, mechanics and materialmen have a right to assert their liens by retaining possession of the property. If the defendants here had a lien on the automobile, which is the subject matter of this action, they would have had a right to retain pos-

session thereof even as against the true owner until the lien was satisfied. The case, therefore, turns on the question of whether or not Code (Ann.) § 68-1669 creates a lien in the garage or other depositary which police officers procure to store vehicles removed from streets, since otherwise they would not be entitled to continued possession thereof regardless of their rights (which are not here adjudicated) to reimbursement for this service. "Lien laws are to be strictly construed, and one who claims a lien must bring himself clearly within the law. *Seeman* v. *Schultze*, 100 *Ga.* 603 (28 S. E. 378) ; *Hawkins* v. *Chambliss*, 116 *Ga.* 813, 814 (43 S. E. 55)." *White* v. *Aiken*, 197 *Ga.* 29, 33 (28 S. E. 2d 263) ; *Vandalsem* v. *Caldwell*, 33 *Ga. App.* 88 (2) (125 S. E. 716) ; *Cook* v. *Bowden*, 32 *Ga. App.* 498 (124 S. E. 60). "Lien laws, being in derogation of the common law, are to be strictly construed, and he who claims a lien must show that there was a contract, by the terms of which he is entitled to the lien he claims." *Howell* v. *Atkinson*, 3 *Ga. App.* 58 (1) (59 S. E. 316). Admitting that the "contract" may arise by operation of law as well as by express agreement between the parties, it still follows that the law must by clear and explicit terms create the lien as it cannot exist by implication. The statute here gives police officers the right to remove illegally parked automobiles to a garage or other place of safety. It does not specify whether a public or private garage, nor does it state that the owner shall be liable for the costs of such removal and storage. No specific authority is given the officers to impound the vehicle and the law is blank as to its ultimate disposition. The law does not create an agency relation between the police officers and the owner for the purpose of entering into a contract for storage or towing charges. The owner did not assent to this disposition of his property, and no person authorized by law to act for him assented to it. Under these circumstances, it has been held with uniformity in the few cases dealing with the subject that no lien arises, and detention of the property by the garage against the demands of the owner amounts to a conversion. In Rickenberg *v.* Capitol Garage, 68 Utah 30 (249 Pac. 121, 50 A. L. R. 1303), it was held that a garage keeper, who, at the instance of police who had taken an automobile from the possession of one arrested

for driving it when intoxicated, takes it to store, had, in the absence of statute, no lien for the storage charges. "The car was not placed in storage by the plaintiff, nor by any one authorized to act for him. The police officers were not his agents, and they were not acting in accordance with the terms of any state law or city ordinance, and did not have authority to place or order the car to be placed in the garage of the defendant so as to bind him for the storage and towing charges. There being no contract, express or implied, existing between the plaintiff and the defendant, by which the plaintiff placed the car in storage and agreed to pay the defendant therefor, the defendant in law does not have a claim against the plaintiff nor a lien upon the automobile." Burns Motor Co. *v.* Briggs, 27 Ohio App. 80 (160 N. E. 728). See also annotation 48 A. L. R. 2d 894. The statute does authorize removal of an automobile which "constitutes an obstruction to traffic" to a garage or other place of safety, but, in so doing, it fails to create a lien against the owner. Since the owner would not, in the absence of statute, be liable for a storage lien contracted for by an unauthorized person, and since the statute does not in express terms create such liability, the trial court erred in refusing the plaintiff's motion for new trial after the jury verdict finding a lien in favor of the defendant, such verdict being unauthorized by law.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*