## 40713. STEPHENS v. MILLIRONS GARAGE, INC.

DECIDED JUNE 16, 1964.

*Miles B. Sams,* for plaintiff in error.
*Rex T. Reeves, Reeves & Collier,* contra.

FRANKUM, Judge. This is a trover case in which the plaintiff sought to recover from the defendant a certain Pontiac automobile to which the plaintiff claimed title or a valuable interest therein. In its answer the defendant denied all of the allegations in the plaintiff's petition including the allegation as to the plain-

tiff's title. On the trial of the case it appeared that the plaintiff had loaned the automobile in question to his sister, and that while she was driving it, it was involved in a collision which disabled it. The automobile was removed to the defendant's garage, whether by direction of plaintiff's sister or by direction of police officers is not disclosed. After the plaintiff learned that defendant had possession of his automobile, he went to the defendant's garage and inquired of the president of the defendant company as to the charges made by the defendant on account of the towing and storage of the automobile, and when informed thereof, left, apparently not having sufficient funds with him to pay these charges. The evidence was in conflict as to whether the plaintiff ever made a demand on the defendant for the surrender of his automobile.

The trial court apparently found in favor of the defendant on the theory that the plaintiff's evidence failed to show a demand on an officer or agent of the defendant with authority to honor such a demand. This finding in and of itself was authorized. However, proof of a demand and a refusal is merely one method of proving a conversion, and where the conversion is shown by other evidence, proof of a demand and a refusal is not essential. But, in our statutory form of trover action, it is not even necessary to prove a conversion of the property where the defendant is in possession when the action is brought, and in his answer he denies the allegations of the plaintiff's petition respecting plaintiff's title. *Stanley v. Ellis*, 77 Ga. App. 12 (1) (47 SE2d 776). " 'Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. . . . In an action for the recovery of damages on account of a conversion, proof of a demand and a refusal is only required as evidence of the conversion; and where the conversion is shown by other evidence, such proof is not essential.' *Merchants & Miners Transportation Co. v. Moore*, 124 Ga. 482 (52 SE 802). 'In actions to recover the possession of chattels, it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought.' *Code* § 107-101." *James v. Newman*, 73 Ga. App. 79, 80 (3) (35 SE2d 581).

Here, the evidence shows that the defendant sought to assert its right to retain the plaintiff's automobile on the theory that it held a lien against the plaintiff's automobile for towing and storage charges. The evidence, however, fails to show any contractual relation between the plaintiff and the defendant such as would authorize the creation of a lien. The plaintiff's sister was not constituted by him as his agent merely by reason of his loan to her of his automobile. A fortiori the police officer would not have become plaintiff's agent to contract with the defendant for the towing and storage of his automobile merely by reason of the fact that the automobile was involved in a collision and disabled on the pubilc streets. The mere fact that the plaintiff inquired of the defendant as to the amount of towing and storage charges against his automobile and even indicated that he would have been willing to pay therefor had he been able to do so, falls short of showing any agreement or consent to the charges being made against him or to the defendant's action in retaining his automobile and did not amount to a ratification of the act of his sister or of the police officer in delivering his automobile to the defendant. Insofar as we are able to ascertain this case is squarely on all fours with *Wilkinson v. Townsend*, 96 Ga. App. 179 (99 SE2d 539), which demands a judgment in this case reversing the judgment overruling the plaintiff's motion for a new trial.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*