### 43862. BROGDON v. HALLMAN.

DEEN, Judge. 1. Where one by a course of dealing with an innocent (uninformed) third party indicates that another is

acting as his agent and has been clothed with certain authority, and this course of dealing induces the third party to deal with the supposed agent, the principal is estopped to deny that the purported agent is in fact such or is not in fact acting within the scope of the authority granted. *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844 (72 SE2d 816); *Cable Co. v. Walker,* 127 Ga. 65 (56 SE 108); *Glover v. Summerour,* 165 Ga. 513 (141 SE 211); *Germain Co. v. Bank of Camden County,* 14 Ga. App. 88 (80 SE 302).

2. There is a prima facie presumption of fact that household effects used by a husband and wife jointly are the property of the husband. *Black v. State,* 41 Ga. App. 349 (2) (152 SE 922). There is also a presumption that a state of affairs once shown to exist continues to exist until the contrary appears. *Coleman & Burden Co. v. Rice,* 105 Ga. 163 (31 SE 424). Where, therefore, although title to a pleasure boat is in fact in the wife's name, it appears from undisputed evidence that the parties went together to use the boat and purchase supplies for it at the defendant's marina, the husband appearing to be in charge of the boat and paying the charges thereon, and where the husband returned later and again left the boat at the marina, incurring additional storage charges, the defendant had a right to assume either that the boat belonged to the husband or that, if it in fact belonged to the wife, the husband had authority to use it in the manner in which it was being used. "Where a wife permits her husband to manage and control her property or allows him so to deal with it as to induce others to believe that it is his property or that he is acting as her authorized agent, such facts are sufficient to establish the agency in favor of persons who deal with him in such belief, where she knows that her husband is so managing and controlling her property and makes no objection thereto." *Aronoff v. Woodard,* 47 Ga. App. 725 (5) (171 SE 404). The undisputed evidence here shows that after the parties had jointly used the boat at the marina they separated and the husband returned it to the defendant's premises; that the wife, knowing these facts, took no steps to inform him that it was her property or that her husband was not authorized to incur charges against it, and that he did in fact have her authorization to take the boat out and use it for his pleasure. Accordingly, where the defendant sought by retaining the boat to enforce his lien to

the extent of unpaid storage charges, the trial court properly granted summary judgment in his favor for this amount in the action of the plaintiff wife to recover the boat in trover without the charges thereon first being paid. This case is distinguished from *Wilkinson v. Townsend,* 96 Ga. App. 179 (99 SE2d 539) and *Stephens v. Millirons Garage,* 109 Ga. App. 832 (137 SE2d 563), where the owner's property was taken to a garage without the owner's knowledge or assent by a person without either actual or apparent authority to act for him.

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall and Quillian, JJ., concur. Felton, C. J., Eberhardt, Pannell and Whitman, JJ., dissent.*

ARGUED SEPTEMBER 9, 1968—DECIDED MARCH 13, 1969— REHEARING DENIED APRIL 3, 1969—

*Doremus & Karsman, William Green,* for appellant.

*Oliver, Maner & Gray, Thomas S. Gray, Jr.,* for appellee.

PANNELL, Judge, dissenting. In the present case, a wife purchased a boat and she and her husband used the boat together at the defendant's marina (the fact that they were married, however, was not disclosed to the defendant as they were keeping their marriage a secret). The wife subsequently permitted the husband to use the boat and he left the boat on storage in his name at the marina without her express permission or consent. The wife later discovered that the boat was stored at the marina, but made no objection for several weeks, during which time she and the husband separated. A few weeks after the separation, the wife sought possession of the boat and the defendant refused to give her possession unless she paid the storage charges and some other charges, all of which had been charged to the credit of the husband. She offered to give a promissory note to pay the storage charges in order to repossess the boat. The wife brought an action in trover against the marina operator and he counterclaimed for the storage charges and the other charges and sought the foreclosure of a lien against the boat. Upon a hearing had the trial judge granted the defendant's motion for summary judgment for recovery of the storage charges and a declaration of a lien on the boat. The defendant abandoned his claim for the other charges.

" 'Lien laws are to be strictly construed, and one who claims a lien must bring himself clearly within the law. *Seeman v. Schultze,* 100 Ga. 603 (28 SE 378); *Hawkins v. Chambliss,* 116 Ga. 813, 814 (43 SE 55).' *White v. Aiken,* 197 Ga. 29, 33 (28 SE2d 263); *Vandalsem v. Caldwell,* 33 Ga. App. 88 (2) (125 SE 716); *Cook v. Bowden,* 32 Ga. App. 498 (124 SE 60). 'Lien laws, being in derogation of the common law, are to be strictly construed, and he who claims a lien must show that there was a contract, by the terms of which he is entitled to the lien he claims.' *Howell v. Atkinson,* 3 Ga. App. 58 (1) (59 SE 316). Admitting that the 'contract' may arise by *operation of law* as well as by express agreement between the parties, it still follows that the law must by clear and explicit terms create the lien as it can not exist by implication." (Emphasis supplied.) *Wilkinson v. Townsend,* 96 Ga. App. 179, 181 (99 SE2d 539). The action of the wife in seeking to pay the storage charges is not a ratification of the act of the husband in contracting for the storing of the boat. See in this connection *Stephens v. Millirons Garage,* 109 Ga. App. 832 (137 SE2d 563), in which an offer to pay storage charges was held not to be a ratification of an unauthorized act of another in storing the owner's automobile. Under the circumstances outlined, the wife is not estopped, as there is no evidence that she misled the lien claimant into believing that the husband owned the boat or that he was acting as her agent, nor did the lien claimant so testify. See in this connection *Wagner v. Robinson,* 56 Ga. 417 (5); *Hightower v. Walker,* 97 Ga. 748 (25 SE 386); *Mickleberry v. O'Neal,* 98 Ga. 42, 51 (25 SE 933); *Jones v. Harrell,* 110 Ga. 373, 379 (35 SE 690); *Blount & Morel v. Dugger,* 115 Ga. 109 (41 SE 270); *Cornelia Planing Mill v. Wilcox,* 129 Ga. 522 (59 SE 223); *Pioneer Guano Co. v. Palmer,* 145 Ga. 323 (89 SE 218). The ruling in *Cornelia Planing Mill v. Wilcox,* 129 Ga. 522, supra, is controlling here. In that case, a husband caused certain improvements to be placed upon the land of his wife. The person who supplied the materials claimed a lien against the wife's property. After disposing of other questions, the court then said (p. 525): "The only question that remains to be decided is whether the court erred in granting a nonsuit. It

is contended by plaintiff's counsel that there are sufficient circumstances in the case to authorize the inference that M. C. Wilcox acted as agent for his wife, the defendant, in purchasing the lumber from the plaintiff. In the case of *Akers v. Kirke,* 91 Ga. 590, it was said, 'Where all the consideration of a debt reaches a wife as an accession to her separate estate, and she retains and enjoys it, only slight evidence of the husband's agency in contracting the debt is required to charge her.' See also *Pinkston v. Cedar Hill Nursery Co.,* 123 Ga. 302. But in the case of *Blount & Morel v. Dugger,* 115 Ga. 109, it was held that 'The mere fact that the wife may be the owner of a tract of land, upon which a house is erected out of material furnished solely on the credit of her husband, will not render her liable for the value of such materials, nor authorize a judgment against her for the same on the theory that she was the concealed principal of her husband, where there is no evidence that he was in any way acting as her agent when he purchased the materials.' An examination of the record in the case just cited discloses that the defendant, Mrs. Dugger, 'called to see the house every day while it was being built, . . . and has enjoyed the benefits and profits of it ever since.' See, in this latter connection, the case of *Hightower v. Walker,* 97 Ga. 748.

"The only evidence in the present case to connect Mrs. Wilcox with the sale of the lumber was the fact that she owned the lot upon which the house was built, and that she was at the house during part of the time that the work was being done, and directed some slight changes to be made. Plaintiff did not testify that he extended the credit to Mr. Wilcox on the faith of the latter owning the house, nor was it contended that Mr. Wilcox led the plaintiff to believe that he owned the property. The lumber was delivered at plaintiff's mill to a servant of Mr. Wilcox, and, so far as the evidence discloses, nothing was said as to how or where it should be used. It also appears from the plaintiff's evidence that the person employed to build the house was the employee, not of Mrs. Wilcox, the defendant, but of Mr. Wilcox. Admitting all the facts proved and all reasonable deductions from them, we do not think that there was any evidence, either direct or circumstantial, to show

the husband's agency in contracting the debt with the plaintiff; and the court did not err in granting a nonsuit. See, in this connection, *Reaves v. Meredith,* 123 Ga. 444."

The evidence in the *Wilcox* case, quoted from above, was much stronger in favor of the lien claimant than in the present case; accordingly it is my opinion that the trial court erred in granting the motion for summary judgment in favor of the lien claimant here, the defendant marina, and that the judgment of reversal, vacated upon the grant of a motion for rehearing, should be adhered to.

There is a considerable difference between a case where a wife permits the husband to use an automobile or boat and a case where the wife permits her husband to run a business, as in the case of *Aronoff v. Woodard,* 47 Ga. App. 725 (5) (171 SE 404), relied on by the majority, where a husband was operating a restaurant for a wife and it was held that a waitress employed by the husband to work in the wife's restaurant was entitled to a lien for her wages against the wife. The only thing that appears here is that the wife permitted the husband to have possession of the boat. That the husband paid the bills when the plaintiff and her husband used the boat cannot by any stretch of the imagination be construed as an act of the wife in holding out her husband as her agent *when no one so construed her acts or so interpreted them.* We would reverse the judgment of the trial judge in granting the defendant's motion for summary judgment in the trover action brought by the plaintiff wife, and declaring the defendant to have a right to enforce a lien to the extent of the unpaid storage charges amounting to $55.50. See *Code* § 12-701.

I am authorized to state that Chief Judge Felton and Judges Eberhardt and Whitman concur in this dissent.