## 47728. OGLESBY et al. v. FARMERS MUTUAL EXCHANGE.

EVANS, Judge. Farmers Mutual Exchange sued D. E. Oglesby and Doris N. Oglesby for fertilizer and other farm supplies, and by its amended complaint alleged that plaintiff sold goods to D. E. Oglesby, individually, and as agent for his wife, Doris N. Oglesby, and extended credit to both defendants, and alleged that both defendants were jointly indebted to plaintiff. The itemized bill of account attached to the complaint was made out solely against D. E. Oglesby, with no mention of Doris N. Oglesby being made thereon, nor was there any suggestion that D. E. Oglesby had acted as agent in contracting for credit.

Doris N. Oglesby filed her answer, denied the indebtedness, and moved for summary judgment. After a hearing, on motion for summary judgment, the trial judge denied same and granted a certificate allowing her to appeal to this court.

The evidence on motion for summary judgment showed the lands and farms on which the fertilizer and farm supplies were used were owned by Doris N. Oglesby, and that at one time D. E. Oglesby brought a check to plaintiff made out to Doris N. Oglesby as payee, which she had endorsed, and which he delivered to Farmers Mutual Exchange in partial payment of the indebtedness against him. D. E. Oglesby and Doris N. Oglesby each submitted affidavits and swore that the husband was not the agent for the wife, and had not acted as such in the purchase of the goods in question; and that Doris N. Oglesby did not owe the account. There was no evidence to suggest that the wife had ever accompanied her husband to the place of business of plaintiff, or had ever verbally or in writing authorized the extension of credit to her husband, or had ever

suggested to plaintiff that her husband was acting as her agent in operating a farm on her lands. *Held:*

1. The law is very zealous in protecting the rights of a wife as against debts incurred by her husband, and in her business relations with her husband. She may not bind her separate estate as to tangible personal property by any contract of suretyship or by assuming the debts of her husband. Code Ann. § 53-503 (Ga. L. 1969, pp. 72, 73). While she may act as agent for her husband in making certain purchases, the law does not provide a corresponding statute authorizing the husband to act as agent for the wife. Code § 53-509. The husband is bound to support and maintain his wife, and it is presumed that she is *his* agent in purchases of necessaries suitable to her station in life. Code § 53-510.

2. Where a wife goes to a place of business with her husband and so conducts herself that the seller is induced to believe that he is her agent in obtaining credit she will be held liable. *Brogdon v. Hellman,* 119 Ga. App. 464 (167 SE2d 673).

3. If a husband and wife conceal the fact of his agency for her as principal, the wife may be held liable. *Akers v. Kirk,* 91 Ga. 590 (6) (18 SE 366).

4. But merely because a wife gets the benefit of goods bought by her husband, even though he is insolvent, will not make her liable for the purchase price of the goods. *Hightower v. Walker,* 97 Ga. 748 (25 SE 386). And where materials are furnished to the husband, with which he erects a house on lands owned by his wife, she is not liable unless it be proven that he was acting as her agent in such purchase. *Blount v. Dugger,* 115 Ga. 109 (41 SE 270). In *Dugger,* the wife called to see the house every day while it was being built, this being stated in *Cornelia Planing Mill v. Wilcox,* 129 Ga. 522, 525 (59 SE 223). The trustees of a church are not liable for lumber sold to the pastor of the church on his individual account, even though the trustees had

knowledge that he was using the lumber in improving the church building, unless it can be shown that he was agent for the trustees. *Montgomery v. Walton,* 111 Ga. 840 (36 SE 202). Where a wife accepted labor and materials for improving her realty, which labor and materials were purchased by her husband, without her being a party to the contract, she is not liable where record shows no fact from which it could be inferred she authorized her husband to act for and represent her in the transaction. *Nix v. Luke,* 96 Ga. App. 123, 128 (99 SE2d 446).

5. On the question of agency, the affidavits of parties to the alleged agency denying the existence of the agency are as to facts, whereas bare assertions and denials of third parties as to the agency are conclusions only. *Salters v. Pugmire Lincoln-Merc., Inc.,* 124 Ga. App. 414 (184 SE2d 56).

6. There was no evidence that the wife authorized her husband to act as her agent in making the purchases which were used on her farms. It is true that E. L. Anderson, Jr. submitted an affidavit showing he was secretary, treasurer and general manager of Farmers Mutual Exchange, and he swore therein that D. E. Oglesby told Anderson that Oglesby was the agent of his wife in making the purchases in question. But agency cannot be proven by *declarations of the alleged agent. Scott v. Kelly-Springfield Tire Co.,* 33 Ga. App. 297 (4) (125 SE 773); *Franklin County Lumber Co. v. Grady County,* 133 Ga. 557 (1) (66 SE 264). To warrant a consideration of an affidavit filed in support of or in opposition to, a motion for summary judgment same must "set forth such facts as would be admissible in the evidence . . ." Code Ann. § 81A-156 (e) (§ 56, CPA; Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); and affidavits not complying with this rule must be disregarded. *Green v. Wright,* 225 Ga. 25 (1) (165 SE2d 843).

7. Neither the receipt by the wife of the goods or

beneficial results from same; nor her giving her husband an endorsed check which he used in part payment of his account; nor the wife's ownership of the lands on which the farm supplies were used, are sufficient to show that her husband acted as her agent in making the purchases. There was no evidence that either husband or wife concealed agency. The affidavit of husband and wife denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits and affidavits containing inadmissible evidence.

8. But the insurmountable obstacle to plaintiff's position was in alleging in its amended complaint that plaintiff sold the goods to D. E. Oglesby, individually "and as agent for his wife, Doris N. Oglesby, and extended credit to both defendants." Absolutely nothing in the entire record supports that statement. To the contrary, the itemized account which plaintiff attached to its complaint shows plainly that the goods were charged to D. E. Oglesby *and to no other person.* Credit was *not* extended to the wife, despite plaintiff's allegation that it extended credit to both husband and wife. There are four photo-copies of plaintiff's ledger sheets in the transcript and on each the charge is made solely against "D. E. Oglesby, Portal, Georgia." The highest and best evidence of whether the goods were sold to D. E. Oglesby *and Mrs. Doris N. Oglesby* and as to whether credit was extended to D. E. Oglesby *and Mrs. Doris N. Oglesby* is the plaintiff's own pages from its ledger. Plaintiff did not see fit to explain how it kept its own books incorrectly and why it failed to charge the account to the one it now seeks to hold liable therefor.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 5, 1973 — DECIDED FEBRUARY 13, 1973 — REHEARING DENIED MARCH 5, 1973.

*Neville & Neville, William J. Neville, Reba J. Jacobs,* for appellants.

*Anderson & Sanders, Cohen Anderson, Faye Sanders,* for appellee.