### 52580. CHAS. S. MARTIN DISTRIBUTING COMPANY, INC. v. FOSTER.

SMITH, Judge.

Chas. S. Martin Distributing Co., Inc., brought suit against Walter G. and Faye S. Foster to recover $4,282.48.

Faye S. Foster moved for summary judgment. After a hearing, the trial court granted her motion. The plaintiff appeals the order granting summary judgment in favor of the defendant Faye S. Foster.

The record shows that the plaintiff entered into a contract with Walter G. Foster wherein the plaintiff agreed to perform various improvements on property located at 230 Westminster Drive. Faye S. Foster owned the property to be improved; however, she did not contract with the plaintiff. The contract was between Walter Foster (Faye's husband) and the plaintiff. Also, the plaintiff billed only Walter Foster for the cost of the improvements.

Although the wife was not a party to the contract, appellant argues that she is liable for the improvements. It contends that the husband was acting as the undisclosed agent for his wife in contracting with appellant. If a husband and wife conceal the fact of his agency for her as principal, the wife may be held liable. *Akers v. Kirke,* 91 Ga. 590 (18 SE 366).

Mr. and Mrs. Foster submitted affidavits denying that Mr. Foster was acting as his wife's agent in the present transaction. Affidavits of parties to the alleged agency denying the existence of the agency are evidence as to the facts. *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 389 (196 SE2d 674).

Appellant argues that the facts surrounding the transaction were sufficient to create a question of fact as to whether Mr. Foster was in fact acting as his wife's agent in the present transaction. The record shows that the wife was present at the time the improvements were discussed and entered into a discussion concerning the contract. Further, she assisted in the selection of the cabinets and appliances to be installed by appellant. These facts are very similar to those discussed in *Oglesby v. Farmers Mut. Exchange,* supra. In *Oglesby,* this court held: "Neither the receipt by the wife of the goods or beneficial results from same; nor her giving her husband an endorsed check which he used in part payment of his account; nor the wife's ownership of the lands on which the farm supplies were used, are sufficient to show that her husband acted as her agent in making the purchases." The court found

that the wife was not liable for the improvements to her realty where there was no evidence from which it could be inferred that she authorized her husband to act for and represent her in the transaction.

Similarly, in *Nix v. Luke,* 96 Ga. App. 123 (99 SE2d 446), the court found the wife not liable for improvements to her separate estate. In the *Nix* case, the wife made a payment on the contract, knew about the contract, and instructed the appellant as to where to place the shrubbery on her property. The court found no evidence to show that the wife authorized the husband to act for her. They held that a wife "is not liable for services rendered or materials used in improving her property when such services and materials are furnished under a contract between her husband and the materialmen to which she is not a party." Supra at 123.

We find that there is no evidence in the present record to show that the wife authorized her husband to act as her agent in making the contract with appellant. There is no evidence that either the husband or the wife concealed agency. Rather, the record shows that the husband was not authorized to act as his wife's agent in the transaction with appellant. The record also shows that she was not a party to the contract sued upon and that her husband was not acting as her agent when he entered into the contract with appellant. The trial judge correctly granted summary judgment in favor of Mrs. Foster.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

Argued September 7, 1976 — Decided October 18, 1976.

*Henry R. Stringfellow,* for appellant.
*B. J. Smith, Michael J. Keane,* for appellee.