No. 19,183.

F. L. OLSON, *Appellant,* v. C. E. ORR and O. LASLEY, *Appellees.*

### SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN — *On Personal Property — Stipulation to Postpone Payment — Lien Not Destroyed.* The statutory lien given to a mechanic, artisan or tradesman on an article of property upon which he has bestowed labor and expense (Gen. Stat. 1909, § 4808) is an extension of the common-law lien, and a stipulation which postpones payment for the labor and expense after completion and delivery does not necessarily destroy such lien.

2. SAME—*Possession of Property—Not Surrendered.* In order to preserve the lien after the surrender of possession of property to the owner the claimant must comply with the provision of the statute relating to the filing of a written statement with the register of deeds, but in the present case it is held that the possession of the property was not surrendered to the owner.

3. SAME—*Work and Material—Must Be at Owner's Request.* To entitle a mechanic, artisan or tradesman to a lien the work and material expended by him upon a chattel must have been done and furnished at the owner's request or with his consent, and it is held that this phase of the law was sufficiently presented to the jury in the instructions given by the court.

Appeal from Wyandotte district court, division No. 3; HUGH J. SMITH, judge. Opinion filed January 9, 1915. Affirmed.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellant.

*Frank L. Bates, Arthur J. Stanley,* and *Guy E. Stanley,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by F. L. Olson against C. E. Orr and O. Lasley to recover the possession of a two-ton Sternberg truck of the alleged

value of $300, which he claimed was wrongfully with-
held from him.   In the city court judgment was given
in favor of the defendants, and Olson appealed to the
district court, which likewise rendered an adverse
judgment.

On the trial of the case in the district court there
was testimony tending to show that a verbal con-
tract was entered into between Olson, Orr and Lasley
about November 1, 1912, whereby a gasoline engine
owned by Orr should be placed in Olson's truck. · The
terms of the agreement, it is claimed, were that Olson
should pay Lasley $150 when the engine was installed,
and pay Orr $150 ninety days after the installation of
the engine was completed.   There is testimony that
the contract was later varied because of Olson furnish-
ing certain material so that he became liable to pay
each of the defendants $132.50 at the times previously
agreed upon.   It appears that the truck was completed
about February 5, 1913, and it is claimed by Lasley that
there was then due to him $132.50, and Orr claimed
that the amount of $132.50 became due to her on
April 6, 1913.   Olson offered testimony tending to
show that the work done upon the truck was defective
and did not measure up to the terms of the agreement,
and that he had been compelled to expend considerable
sums of money to remedy the defects.

It is contended that Lasley was employed by Orr to
install the engine, and not by Olson, and that therefore
Lasley could not obtain a lien on the truck except by
an employment or the consent of Olson, the owner.   It
appears to be conceded that Orr could not impose a
lien on the truck for the debt of Lasley without the
express or implied consent of the owner.   There is tes-
timony, however, to support the claim that Olson con-
tracted with Lasley as well as Orr, and also agreed to
pay him when the work was completed.   The testimony
as to the negotiations between the parties indicates that

there was a tripartite contract by which Orr was to furnish the engine at a certain price, and that Lasley was to install it for an agreed sum. Both Orr and Lasley performed work upon the truck. There is a contention that the necessity of employment of both by Olson was not fairly presented to the jury. An instruction was requested by Olson to the effect that if Olson was not a party to a contract with Lasley the latter would not be entitled to a lien on the truck. This instruction was not given, but the court, in one of its own construction, told the jury, in effect, that a contract between Orr and Olson and Lasley, either together or separately, was essential to a recovery by either of them. In another instruction the court called attention to the statute which provides that:

"Whenever any person shall intrust to any mechanic, artisan or tradesman materials to so construct, alter or repair any article of value, or any article of value to be altered or repaired, such mechanic, artisan or tradesman shall have a lien on such article, and, if the same be completed and not taken away, and his fair and reasonable or stipulated charges be not paid, may, after six months from the time such charges become due, sell the same." (Gen. Stat. 1909, § 4808.)

The jury were told that the claims of Orr and Lasley to a lien must be established by them by a preponderance of the evidence. It appears, therefore, that the issue of whether there was a contract between Olson and each one who claimed a lien was submitted to the jury, and there is competent evidence to support the finding made by the jury.

The contention that the lien was waived by the mere stipulation that one-half of the cost of the repairs was not to be paid until ninety days after the work was completed can not be upheld. It is argued that because the right to such a lien rests upon the right of possession, any stipulation or special contract for the delivery of possession before payment is made necessarily operates as a waiver of the right to a lien.

Olson cites *Pinney v. Wells*, 10 Conn. 104, and other similar authorities in support of his contention. It was the common-law lien, which permits an artisan who alters or repairs an article of property to retain possession of it until he has been paid for the labor and material which he has expended upon it, that was under consideration in that case. As the lien depends upon possession the surrender of possession amounts to a waiver or abandonment of the lien. It is said that this kind of lien was provided for the benefit of those with whom no contract had been made and some courts went so far as to hold that any special contract between the parties operated to destroy the lien. In the case cited, however, it was said:

"The rule may now be considered as settled, that a lien may exist, although there is a special contract, unless there is something in that contract inconsistent with such lien, or unless it is waived expressly, or by fair implication." (p. 115.)

The lien claimed here, however, is a statutory lien, and while the statute is, to a certain extent, declaratory of the common law, it expressly provides that a mechanic, artisan or tradesman may permit the owner to take the property away without the repairs having been paid for and still retain his lien, provided he files a proper statement with the register of deeds within three days. (Gen. Stat. 1909, § 4808.) Nothing in the statute indicates that the mere making of a special contract between the owner and artisan will defeat a lien and it can not so operate unless the writing itself expressly or impliedly waives the lien. The statutory lien is an extension of the common-law lien, as it expressly provides that a lien may be retained after the property has been delivered to the owner upon compliance with the prescribed conditions. If the property had been surrendered to the owner without payment and without compliance with the statutory requirements, the lien would, of course, have been lost.

Here, however, possession of the altered and repaired truck was not surrendered, and there was therefore no occasion for the filing of a statement with the register of deeds. After the engine was installed the truck was tested a number of times, and finally Olson proposed to accept it and pay a certain sum, which was less than the amount agreed upon, but possession was refused and the truck remained in the garage of Lasley until it was taken under the writ of replevin. When the tests were made the owner objected to the character of the work done and the condition of the truck when it was declared to be completed, but there was no purpose on the part of the defendants to surrender the possession of the truck to the owner until payment was made, and there being no waiver of the lien, Olson was not entitled to the possession of the truck.

Whether the engine was properly installed and the work completed according to the contract was the principal subject of controversy between the parties, but that dispute has been settled by the verdict of the jury.

The judgment of the district court is affirmed.