**W. Spencer THOMPSON, Plaintiff,**

**v.**

**DANVIR CORPORATION, City of Wilmington, Department of Public Safety, Bureau of Police, William J. O'Rourke, Commissioner, Defendants.**

Superior Court of Delaware,
New Castle.

March 10, 1970.

Richard G. Elliott, Jr., Wilmington, for plaintiff.

John G. Mulford, Wilmington, for Danvir Corp.

Joseph Lichtenbaum, Asst. City Solicitor, Wilmington, for City of Wilmington.

## OPINION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BIFFERATO, Judge.

The matter before the Court for decision is plaintiff's motion for partial summary judgment.

On September 2, 1968, a Chevrolet van was seized by the defendant, City of Wilmington, pursuant to 11 Del.C., § 2322 for the reason that marijuana was allegedly found therein. On the same date the City authorized the removal of the van to the defendant, Danvir Corporation, for storage.

The van is the property of Patterson, Howell and Heather of Baltimore, Maryland. This firm leases automobiles to Atlas Chemical Industries, Inc. under a lease purchase agreement. Under this agreement executive officers of Atlas were able to lease vehicles for their personal use. Plaintiff, Thompson, who is an executive of Atlas leased the vehicle in question from Patterson, Howell and Heather of Baltimore, Maryland, and then subleased the vehicle to the Wilmington Youth Emergency Action Council (WYEAC).

On July 10, 1969, plaintiff filed a complaint for replevin.

Plaintiff concedes that the City, through the Bureau of Police, has authority to seize a car pursuant to 11 Del.C., § 2322. Plaintiff, however, argues that the City has no authority to transfer a vehicle to a third party and similarly that such a third party has no authority to require the owner to pay the storage and towing fees of a vehicle so seized by the City.

Defendant, Danvir, contends that the City of Wilmington is authorized to remove motor vehicles to an official pound pursuant to the Wilmington City Ordinance, Section 37–90(a) (1969) which provides:

"Generally; authority. Whenever any vehicle of any kind or character shall be found on any street, highway or alley, within the city, wrecked, abandoned or parked in violation of any law of the state, or the provisions of this chapter or other ordinance of the city or any regulation issued by the commissioner of the department of public works now or hereinafter in force, or shall be seized for any violation thereof, such vehicle shall be removed by authority of the department of public safety, bureau of police, to an official pound."

Defendant argues that this section stands for the proposition that the City has authority to remove any vehicle seized for violation of a state law to an official pound. Since the seizure was authorized under 11 Del.C., § 2322, defendant argues that it was properly taken to the official pound under the Wilmington City Ordinance, § 37–90(a) (1969).

Defendant further argues that by reason of Wilmington City Ordinance, § 37–91 (1969), the Commissioner of Public Works is authorized to arrange with the owners or operators of garages for their use as official pounds and that by reason of Wilmington City Ordinance, § 37–95(a) (1969) the defendant has authority to impose towing charges on the owner of the vehicle. That section provides as follows:

"(a) Before the owner or his agent shall be permitted to remove an impounded vehicle from any pound provided for by this article he shall: (1) Pay to the municipal court the sum of ten dollars for the first twenty-four hour period, together with the sum of two dollars for each succeeding twenty-four hour period or fraction thereof, and secure from the municipal court a certified release, in duplicate; (2) present the original copy of such release to the person in charge of the official pound, or his agent; and (3) sign a receipt for such vehicle. In the event the payment is made under protest, the owner or his agent shall furnish a bail bond in such form and amount as required by the municipal court."

Defendant, City of Wilmington, argues that Delaware should follow the federal rule. That rule is that there is a forfeiture of a motor vehicle used in violation of a federal statute and that if the Court wishes to mitigate the harsh forfeiture provision and grant a remission, the innocent owner, lienor or mortgagee has to reimburse the government for the costs incurred incidental to the seizure and forfeiture. See 18 U.S.C.A., § 3617(c) (1969).

It is generally held that a garage keeper is not entitled to a lien for charges for storage of a motor vehicle pursuant to the order of a public officer in the absence of a statute authorizing the public officer to store the vehicle and imposing a liability on the owner for such storage. 38 Am. Jur.2d, Garages and Filling and Parking Stations, § 146; 48 A.L.R.2d 912.

It is clear that the police had authority to seize the vehicle pursuant to their authority under 11 Del.C., § 2322. The issue is whether a third party authorized by the police to tow away and store the car has a lien against the owner or his representative.

In Wilkinson v. Townsend, 96 Ga.App. 179, 99 S.E.2d 539 (1957) plaintiff had loaned his car to a person who later aban-

doned it when it would no longer run. The police ordered the vehicle towed away pursuant to a statute authorizing the removal of such vehicles. The owner brought a trover action to recover the car. The garage refused to return it claiming it had a lien for towing and storage charges. The issue was whether the statute authorizing the seizure created a lien in favor of the garage owner. The statute provided as follows:

> "Whenever any police officer or highway patrolman finds a vehicle unattended upon any street, highway, bridge, or causeway, or in any tunnel, where such vehicle constitutes an obstruction to traffic, such officer is hereby authorized to provide for the removal of such vehicle to the nearest garage or other place of safety."

The Court held that the statute gave the right to remove the vehicle but did not specify whether the owner was liable for the costs of storage. The Court reasoned that the law does not create an agency relation between the police and the owner for the purpose of entering a storage contract. Since the owner did not agree to the disposition of his property and in the absence of law authorizing someone to act in his place, there could be no lien for the storage charges. See also: Rickenberg v. Capitol Garage, 68 Utah 30, 249 P. 121 (1926)

Pursuant to 11 Del.C., § 2324, a vehicle seized under 11 Del.C., § 2322 upon the judgment of the Superior Court may be forfeited to the State. 11 Del.C., § 2325 specifically exempts an owner of a vehicle who has not knowingly used or permitted his vehicle to be used in connection with the commission of a felony. The thrust of the section is to free the unwilling owner from the penalty provisions of the subchapter. Unlike the federal law, there is no provision requiring such person to pay the costs of seizure. 18 U.S.C.A. § 3617(a) (1969)

■ I hold that in the absence of a statute specifically creating a lien in favor of the garageman or requiring the owner to pay the costs of seizure, the plaintiff is not liable for costs of towing and storage.

Defendant, Danvir, argues that there is authorization to seize and impound and is found under Wilmington City Ordinance § 37–90 and that a party cannot redeem the vehicle without first paying the storage and towing charges pursuant to Wilmington City Ordinance § 37–95 (1969).

It is clear that those sections were intended to apply only to parked, abandoned, or wrecked vehicles. (See § 37–90(a)) This is indicated by the fact that the section only applies to those streets and highways where there has been posted official "No Parking" or "No Stopping" or like signs. (See § 37–90(b))

■ I hold that the provisions in the Wilmington City Ordinance are inapplicable as authority to impound a vehicle and charge the owner with storage and towing charges where a vehicle is seized pursuant to 11 Del.C., § 2322. The phrase, " * * * violation of any law of the state * * * " found in Wilmington City Ordinance § 37–90(a) means any vehicle found wrecked, abandoned or parked. The section is inapplicable to the present case. Accordingly, plaintiff's motion for summary judgment is granted.

It is so ordered.